SWANN, Judge.
Delta Chemical Company filed suit against Southern Mill Creek Products Co., Inc., to recover $4,877.64 allegedly owed by Southern Mill for various goods, wares, etc., which Delta delivered on open account during 1963. Southern Mill’s answer admitted the receipt of certain merchandise, materials and supplies but raised certain defenses and affirmative defenses, alleging, inter alia, that the merchandise was unfit for the purpose intended, was not saleable, that a compromise and settlement of the obligation had been had, and that the prices reflected upon the invoices were higher than those agreed upon. Southern Mill also filed a counterclaim against Delta and sought judgment for less than $5,000 for damages allegedly arising from the same transaction.
In the course of pre-trial discovery, the defendant, Southern Mill, learned that Delta’s president had apparently recorded certain telephone conversations he had had approximately two years before with Sputh-ern Mill’s president, concerning the alleged sale and obligation. Southern Mill filed a motion to produce these telephone recordings. The motion was denied and Southern Mill has petitioned for certiorari from the order of denial.
*55 Rule 1.350, Florida Rules of Civil Procedure, 1967, 30 F.S.A., provides:
“On motion of any party showing good cause therefor * * *, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing by or on behalf of the moving party of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.280(b) and which are in his possession, custody or control * * (Emphasis added)
Rule 1.280(b) referred to, supra, provides in pertinent part as follows:
“Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.”
The purpose of modern discovery is to assist the administration of justice, to aid a party in preparing and presenting his case for his defense, to advance the function of a trial in ascertaining the truth, and to accelerate the disposition of suits. Beyond this, the rules of discovery are designed to eliminate as far as possible concealment and surprise in the trial of law suits to the end that judgments rest upon the real merits of causes and not upon the skill and maneuvering of counsel. See 23 Am.Jur.2d, Depositions and Discovery, § 155.
In essence, then, a party is permitted to attempt to discover those matters relevant to the subject matter of the pending actions which are not privileged even though such testimony or evidence may be inadmissible at the trial. Generally, recordings of relevant telephone conversations, when properly authenticated, may be admissible in evidence. See 29 Am.Jur.2d Evidence, § 380; Gomien v. State, Fla.App.1965, 172 So.2d 511; Wilson v. Rooney, Fla.App.1958, 101 So.2d 892. We do not, however, pass on their admissibility, at this juncture.
Inasmuch as the issues may turn upon the agreements, if any, reached in the various conversations had by the two presidents, the recordings would appear to be relevant to the subject matter of the pending actions or might lead to the discovery of admissible evidence. Under these circumstances, it appears that the trial court abused its discretion by denying the motion to produce. See 23 Am.Jur.2d, Depositions and Discovery, § 149.
For these reasons, the petition for writ of certiorari be and the same is hereby granted, and the order denying the motion to produce be and the same is hereby quashed, with directions that an appropriate and proper order be entered in accordance with the Florida Rules of Civil Procedure, 1967, and this opinion granting the petitioner’s motion to produce the recorded telephone conversations.
It is so ordered.