HOBSON, Judge.
By this interlocutory appeal appellant V. Jackson Kennedy seeks to review an order denying his motion for protective order and to quash a subpoena duces tecum.
Jackson filed a petition for modification of final judgment for dissolution of marriage, requesting certain relief and alleging change in the circumstances of the parties. After a hearing had been held and an order had been entered on the petition, the lower court granted Mary’s motion for rehearing, vacated the previous order, and, among other things, withheld further ruling until another hearing could be held.
Mary caused to have issued pursuant to Rule 1.410, RCP, a subpoena duces tecum for deposition directing Jackson to appear and produce not only a large amount of personal records, but also the following corporate records:
Copies of all corporate income tax returns, books, records, papers, cancelled checks, bank statements and deposit slips for the following businesses: Kennedy Brothers, Inc., Island in the Sun, Clear-water Beach Enterprise, and Vitruvius Kennedy Corporation, for the years 1970, 1971, 1972 and 1973, whether said information be found in your name solely, in your name jointly with any other person, or whether you have authority to sign any papers or checks in behalf of the above named business only.
Jackson filed his motion to quash and for protective order. The lower court denied his motion and ordered him to appear and provide all of the information requested in the subpoena duces tecum.
Jackson contends that the information sought was not relevant to the issues before the court, that the subpoena was too broad in asking for all corporate records, and that it was not shown that the books and records sought to be produced were in Jackson’s possession or control.
The record on appeal does not contain the transcripts of any of the hearings held in the court below. This court is, therefore, unable to determine from the record before us whether the fact of possession or control was established, not knowing Jackson’s relationship with or ownership of the stock in the subject corporations. Neither are we able to determine whether the subpoena was too broad or whether the information sought was relevant. Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551.
Under the liberal construction to be given the requirement of relevancy in the Rules of Civil Procedure, particularly in new Rule 1.410, which is to be considered in pari materia with Rule 1.350, the lower court could have found that the in-» formation sought had a bearing upon the subject matter of the action. Orlowitz v. Orlowitz, Fla.1967, 199 So.2d 97.
Trial courts have a wide discretion in the treatment of discovery problems which will not ordinarily be disturbed unless a clear abuse of discretion is demonstrated. Charles Sales Corp., supra; Crystal Springs Water Company v. Atchinson; Fla.App.2nd 1972, 267 So.2d 694. The record in this appeal fails to show an abuse of discretion in denying the relief sought.
The order appealed is, therefore,
Affirmed.
MANN, C. J., and BOARDMAN, J., concur.