WALDEN, Judge.
This is an appeal from a trial court order which sustained certain objections to a request for admissions. We reverse.
A wife obtained a judgment of dissolution of marriage on April 10, 1973. It was an uncontested proceeding, based on substituted service. On July 12, 1973, the husband filed a motion to set aside the final judgment on the grounds that same was void because of lack of jurisdiction, based on the fact that the wife had not fulfilled the six month residency requirement of F. S. 61.021. The husband’s motion was based upon the procedure found in Rule 1.-540, F.R.C.P., which reads in part:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (4) the judgment or decree is void; ...”
The husband’s motion contained an affidavit attesting that the wife was at all times pertinent a resident of Mexico. The wife did not challenge or attack the husband’s motion to set aside the final judgment on the grounds of a lack of legal sufficiency or otherwise. Thus, the motion lies viable and unchallenged upon the court’s records.
Thereafter the husband sought discovery and requested certain admissions from the wife as concerns her residency during the critical dates. The wife filed objections which produced the appealed order. The wife’s objections, which appear to have been sustained, were these:
“2. That on or about April 10, 1973, Judge Downey entered a Final Judgment granting the Petition for Dissolution of Marriage and specifically finding that the Petitioner was a resident of the State of Florida, thus adjudicating the Petitioner was a resident of the State of Florida.
“3. That the Respondent’s present request for admissions is improper since it attempts to litigate and have the Court adjudicate a matter which has already been determined by the Court on April 10, 1973.
“4. That said request for admissions should have been made prior to the date of the Final Judgment as a pretrial discovery procedure according to the Florida Rules of Civil Procedure. Thus, the *66 Respondent is barred from attempting to seek discovery and to attempt to try the case de novo.”
 Since the husband’s motion to set aside the final judgment was not attacked, the criteria for determining the acceptability of discovery is whether the device was calculated to clarify or illumine questions relevant to the claim by the husband, and not whether the action by him is meritorious. In Watkins v. Mother’s Auto Sales, Inc., 264 So.2d 439 (3d D.C.A.Fla.1972) a dual test was applied to discovery requests: 1) whether they would narrow the issues and 2) whether they would reach matters reasonably calculated to lead to the discovery of admissible evidence concerning the pending action. See Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956); Southern Mill Creek Products Co., Inc. v. Delta Chemical Co., 203 So.2d 53 (3d D.C.A.Fla.1967). Since the husband is requesting an admission that the wife resided in Mexico on crucial dates, the above two requirements are met. Such evidence would be dispositive as to the validity of the final judgment. Certainly if the wife wished, she could file a motion to strike the motion to set aside, but cannot do so indirectly by objecting to these admissions requests. In 8 Wright and Miller, Federal Practice and Procedure, § 2008 (1970) the problem is discussed:
“Discovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient. The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined and under some circumstances, although not all, discovery that goes only to a claim or defense that has been stricken may properly be refused.” (Emphasis supplied.)
In this case the claim by the husband has not been stricken, and the requests for admissions are duly related to his claim. The order sustaining the wife’s objection to the husband’s request for admissions • should be reversed.
Reversed.
MAGER, J., and TURNER, W. ROGERS, Associate Judge, concur.