327 So.2d 874 (1976)
Steve Stacey BROWN, Petitioner,
v.
Gail BRIDGES and State Farm Fire and Casualty Company, Respondents.
No. 75-1428.
District Court of Appeal of Florida, Second District.
March 3, 1976.
John Edwin Fisher, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for petitioner.
Edward E. Fessenden, Jr., of Langston, Lane, Massey, Trohn, Clarke & Bertrand, Lakeland, Kenneth Luke Connor, of Gibson & Connor, Lake Wales, for respondents.
SCHEB, Judge.
Petitioner seeks a writ of certiorari contending the trial court's order compelling him to demonstrate certain karate maneuvers for a videotape deposition represents a departure from the essential requirements of the law. We deny the petition.
Janet Lynn Hall filed suit against various defendants claiming damages for injuries she sustained in a karate class at the Bartow Civic Center on November 17, 1973. The petitioner here is Steve Stacey Brown, one of the defendants in that action by virtue of having been the karate instructor in charge of the class where Miss Hall was injured. Plaintiff Hall's complaint against the various defendants included allegations that petitioner Brown was not a qualified karate instructor, that he failed to properly demonstrate a particular karate maneuver referred to as a *875 "block and take-down" and further that this particular maneuver involved an unacceptable degree of risk for such inexperienced students as the plaintiff Hall. Brown, along with all other defendants, denied these and other allegations of negligence.
Initially the trial court denied the plaintiff's motion to require the petitioner Brown to demonstrate his instructional method for filming. Then, a third party complaint was filed against respondent Bridges, one of the other students involved in the maneuver at the time Miss Hall was injured. Thereafter, the third party defendants moved for leave to take a videotape deposition of the petitioner Brown with the requirement to be imposed that he demonstrate the manner and method of execution of the karate maneuvers in question. This motion was granted and the order as entered prohibited any alteration and editing of the videotape without further order of the court. Petitioner now seeks a writ of common law certiorari from the trial court's order.
Prior to the court's order Brown had been deposed and had verbally described his methods. But, respondents assert that due to the technical nature of Brown's description, they are unable to understand the techniques employed on the day of the accident. Also, respondents note they feel it necessary to their case to submit the videotape to karate experts for evaluation of the competency of Brown's method of instruction.
We recognize that the use of videotape is not uncommon in modern trials. But, we emphasize that the question of admissibility at trial is not presented here, and we express no opinion thereon. Here we are only addressing means of discovery and the rules of discovery must be liberally construed to accomplish their intended purposes. Jones v. Seaboard Coast Line Railroad Co., Fla.App.2d 1974, 297 So.2d 861. Considerable discretion is vested in the trial judge to determine their applicability in each case. Kennedy v. Kennedy, Fla. App.2d 1974, 298 So.2d 525. RCP 1.280(b) (1) permits liberal discovery of "any matter, not privileged, that is relevant to the subject matter of the pending action ..." (Emphasis supplied). It should be noted that there is no dispute as to the relevancy of petitioner's method of instruction. Also, RCP 1.310(b)(4) allows recording of a deposition "by other than stenographic means," and petitioner concedes that videotape is authorized by this rule. Rather, petitioner's arguments are directed to the requirement of demonstration; he contends that he could never reproduce his actions on the day of the accident with complete accuracy, and therefore, any scrutiny of the tapes will be unfair. He also objects to being compelled to perform against his will a physical action not expressly mandated by the Rules of Civil Procedure.
Before we issue a writ of common law certiorari, it is essential the petitioner establish that:
(1) The ruling, if erroneous, constitutes a departure from the essential requirements of law;
(2) It will cause injury to the petitioner throughout the remainder of the proceeding; and
(3) The injury is one for which there will be no adequate remedy by appeal after the final judgment.
Gulf Cities Gas Corp. v. Cihak, Fla.App.2d 1967, 201 So.2d 250.
We hold that petitioner has failed to meet these requirements. Surely the petitioner could be required to illustrate a part of the maneuver, for example showing how he moved his hands or his feet. The compulsion here is not significantly increased by requiring a more involved demonstration. And, while it is true that the demonstration process may not precisely reenact petitioner's instructional techniques, that argument is more properly related to use of the deposition at trial than to the limited uses which respondents can make of the videotape prior to trial. *876 Therefore, since at this stage of the proceedings only discovery of the petitioner's methods is being sought and no material injury to petitioner is demonstrated, we find no departure from the essential requirements of the law and no basis for issuance of a common law writ of certiorari.
Petitioner Brown raised a question in his brief as to whether the trial court should have imposed any stipulations to assure the maneuvers and surrounding conditions duplicate the actual event. It is unclear what sort of conditions petitioner desires, however, because he also contends that if the videotape too closely attempts to duplicate the actual event, it would be "staged" and therefore even more offensive to him. In view, however, of the novelty of the proceedings,[1] denial of the petition for the writ sought is without prejudice to petitioner's further application to the trial judge for imposition of additional safeguards, if any, which the trial court may find to be necessary and proper.
Certiorari denied.
HOBSON, A.C.J., and EARNEST, JAMES H., Associate Judge, concur.
NOTES
[1] While there is little case law on the subject, the use of videotapes in legal proceedings has been the subject of several recent articles. See, e.g., Benowitz, Legal Applications of Videotape, 48 Fla.Bar J. 86 (Feb. 1974); Brakel, Videotape in Trial Proceedings: A Technological Obsession? 61 A.B.A.J. 956 (August 1975). Cf., Annot., Use of Motion Pictures as Evidence, 62 A.L.R.2d 686 (1958).