435 So.2d 377 (1983)
James CALDERBANK and Thomas A. Bustin, Appellants,
v.
Gabriel CAZARES and Margaret Cazares, His Wife, and the Church of Scientology of California, a California Corporation, et al., Appellees.
No. 82-594.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
*378 Frank X. Kowalski, Clearwater, for appellants.
Dan R. Warren, Daytona Beach, for appellees Cazares.
J. Michael Hayes of Johnson, Paniello & Hayes, Tampa, for appellee The Church of Scientology of California, Inc.
COWART, Judge.
This is an appeal by a witness, James Calderbank, and his attorney, Thomas A. Bustin, from an order compelling Calderbank to answer certain questions asked by appellee, Church of Scientology, and ordering the witness "and/or" his attorney to pay attorney's fees.[1]
The suit in which Calderbank's deposition was being taken is an action brought by Gabriel Cazares and wife against the appellee Church of Scientology for malicious prosecution, abuse of process and invasion of privacy. These causes of action in turn relate to a prior action filed in 1976 in federal court by the Church of Scientology against Gabriel Cazares and eventually dismissed.[2] *379 Mr. Calderbank's deposition in this action was taken on March 2, 1982, and the issue in this case is whether certain questions propounded to Mr. Calderbank were "relevant to the subject matter of the pending action" and "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fla.R.Civ.P. 1.280(b)(1).
Calderbank was asked a series of questions concerning himself and Cazares. He was asked whether he or Cazares were "involved with an organization that is raising money or funds for the Scientology Victims Defense Fund." He was asked whether he or others were then "involved in any efforts to oust or evict the Church of Scientology from the city of Clearwater." And he was asked specifically whether he had gone to Boston to discuss, with attorney Michael Flynn, the Scientology Victims Defense Fund.
As a defense in the pending Cazares action, appellee Church of Scientology was undertaking to prove that its 1976 action against Cazares was not groundless and hence not malicious. Appellee-church argued below that to show this it needed evidence relating to Cazares' intent or hostility towards the church in 1976 and, although Calderbank did not even know Cazares until 1979, Calderbank "might" have information relating to Cazares' intent in 1976. It would appear to us that the issue was not Cazares' malicious intent or hostility towards the church in 1976 but the church's malicious intent or hostility towards Cazares in 1976. The church seeks to prove that its 1976 suit against Cazares was not groundless or malicious. Even assuming that Cazares' attitude or malice towards the church is relevant, there is absolutely nothing in the pleadings, the trial court order or in appellee's argument that demonstrates how the information sought[3] was reasonably calculated to lead to the discovery of admissible evidence in the pending Cazares action.
A reasonably "calculated" causal connection between the information sought and the possible evidence relevant to the issues in the pending action must "appear" from the nature of both or it must be demonstrated by the person seeking the discovery. If a logical connection is not readily apparent, the questioner should make it apparent by pointing out to the court his reasoning process based on facts and inferences[4] demonstrating how he calculates that the sought information will "reasonably" lead to admissible evidence. The mere fact that an inquiry that appears to be irrelevant "might" lead to evidence that is relevant and admissible to the issues in the pending suit is not sufficient. Such a rule would place no limitation on the authority of any litigant to invade, by questions, the privacy of a witness. Since a civil witness subpoena and the threat of contempt is, of course, state action, in Florida relevancy in discovery now has a limitation of constitutional dimensions.[5] Since it is not "apparent" how the information sought in this case is "reasonably calculated" to lead to admissible evidence on the issues in the pending litigation the order compelling discovery is
QUASHED.
FRANK D. UPCHURCH, Jr., concurs specially with opinion.
SHARP, J., dissents with opinion.
FRANK D. UPCHURCH, Jr., Judge, concurring specially:
While I agree with Judge Sharp that the limit to discovery stated in Judge Cowart's *380 opinion is unduly stringent, I agree with the result.
The witness was extensively interrogated about his own relationship with the Church of Scientology. Upon objection, counsel for the Church failed to demonstrate or even suggest how the personal actions of the witness could relate to or lead to evidence relevant to the motivation of Cazares several years before. The questions framed seemed designed merely to develop or expose some personal animus or enmity of the witness against the Church of Scientology.
The Comment to Florida Rule of Civil Procedure 1.280 quoted in the dissent does not assert the right to question a witness without limitation. See East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982). Rather, the Comment indicates that the inquiry is limited to "all of the facts and circumstances that may have a bearing on either side of the case." When an objection is made, if not apparent from the question itself, the interrogating party is required to explain how the question may have a bearing on either side of the case. This was not attempted here and the bearing was certainly not apparent from the questions. Therefore, I concur with the result.
SHARP, Judge, dissenting.
I agree with the trial court that the answers to the questions posed may reasonably have led to the discovery of evidence which was admissible in the pending suit. In this case Cazares seeks damages for malicious prosecution and invasion of his right of privacy stemming from a suit filed by the Church against him in federal court in 1976. In that suit, the Church suffered a dismissal because it failed to establish actual malice on Cazares' part in its libel claim. This element had to be proved in order to succeed because the Church was a public figure. New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
At the hearing on witness Calderbank's motion for a protective order, the Church argued its questions were designed to obtain information about Cazares' motivation or malice in making the statement sued upon in 1976 in order to prove that the Church's suit was not "groundless." The appellees argued only that the questions were not relevant because Calderbank did not know Cazares until 1979. However, because of Calderbank's close association and friendship with Cazares, it was possible he had information or knowledge that would relate back to or lead to further discovery of facts regarding Cazares' intent and motivation in 1976. Such evidence would relate directly to the subject matter of the pending claims and defenses. Fla.R. Civ.P. 1.280(b)(1). The lower court so concluded, and I would affirm. Brown v. Bridges, 327 So.2d 874 (Fla. 2d DCA 1976); Jones v. Seaboard Coast Line Railroad, 297 So.2d 861 (Fla. 2d DCA 1974); Southern Mill Creek Products Co., Inc. v. Delta Chemical Company, 203 So.2d 53 (Fla. 3d DCA 1967).
I think the limit to discovery stated by the majority opinion is unduly stringent. It requires that the possible evidence relevant to the issues in the pending suit must "appear" from the question or the suit itself, or that such relevance must be "demonstrated" by the party asking the questions. This presupposes the questioner knows the answerer's response in advance of asking the question. That, in my view, is contrary to the spirit and intent of modern discovery rules.[1] Indeed, the comment to Rule 1.280 in Florida Statutes Annotated clearly states:
The objection that the examining party is on a "fishing expedition" is no longer available to preclude him from inquiring into all of the facts and circumstances that may have a bearing on either side of the case. The examining party is not restricted to the discovery of facts relevant to his claims or defense. His greater *381 need is to know the facts of the opponent's claim or defense, and the rule provides for an examination "whether it relates to the claim or defense of the examining party... ."
NOTES
[1] The underlying action of Cazares v. The Church of Scientology of California is pending in the circuit court of Volusia County, Florida. The non-party witness Calderbank was set for deposition in St. Petersburg in Pinellas County, Florida. When the witness questioned his duty to answer some questions at his deposition, the deposing party filed a motion to compel in the circuit court of Volusia County, Florida. Florida Rule of Civil Procedure 1.380(a)(1) provides, "An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken." No objection as to venue was raised at the hearing on the motion to compel in the circuit court of Volusia County and that point was, therefore, waived. The circuit court of Volusia County had jurisdiction of the parties and the subject matter, i.e., the motion to compel discovery. However, the provision of the rule for an order to compel a non-party witness by action in the circuit court where the deposition is taken characterizes the circuit court action in such an instance as a judicial proceeding separate and distinct from the underlying law action and the order of the court in such proceeding, as here, constitutes a final order of a trial court which this court has jurisdiction to review under Florida Rule of Appellate Procedure 9.030(b)(1)(A), although under Florida Rule of Appellate Procedure 9.040(c) this court could also have treated this appeal as a petition for certiorari, see Affiliated of Florida, Inc. v. U-Need Sundries, Inc., 397 So.2d 764 (Fla. 2d DCA 1981); Everglades Protective Syndicate, Inc. v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1980); Dade County Medical Association v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979).
[2] See Church of Scientology of California, Inc. v. Cazares, 638 F.2d 1272 (5th Cir.1981).
[3] I.e., Calderbank's or Cazares' possible involvement in 1982 with Michael Flynn or the Scientology Victims Defense Fund or efforts to "oust or evict the Church of Scientology from Clearwater"
[4] An excellent example of an analysis of inferences and natural presumptions as they relate to relevancy is contained in Morgan, Basic Problems in Evidence, 185-87 (1963).
[5] Art. I, § 23 Fla. Const. (1980). See Cope, A Quick Look at Florida's New Right of Privacy, 55 Fla.B.J. 12 (1981).
[1] Southern Mill Creek Prod. Co., Inc. v. Delta Chem. Co., 203 So.2d 53, 55 (Fla. 3d DCA 1967).