# KADET v. DAYTONA TIMES, INC., et al.

## Case No. 83-2771-CA-01

Seventh Judicial Circuit, Volusia County

June 24, 1985

### APPEARANCES OF COUNSEL

**Gerard F. Keating** for plaintiff.

**Hubert Grimes** for defendant, Bernard W. Smith.

**Thomas R. Julin** and **Brian J. Stack, Steel Hector & Davis,** for defendants, Daytona Times, Inc. and Jenise Griffin.

### OPINION OF THE COURT

WILLIAM C. JOHNSON, JR., Circuit Judge.

Defendants Daytona Times, Inc. and Jenise Griffin brought this libel action before the Court on their motion to compel the Hon. S. James Foxman, chief judge of the Seventh Judicial Circuit, to submit to a deposition and their motion to compel Dr. Malcolm Graham to submit to a deposition or, alternatively, to dismiss the action. The Court has considered the motions, the memoranda of law submitted by the

defendants, the argument of counsel for the parties, the argument of Judge Foxman and has been otherwise duly advised.

## Judge Foxman's Testimony

Judge Foxman briefly presided over the prosecution of the plaintiff, Daytona Beach Police Officer Edward Kadet, for unnecessary killing to prevent an unlawful act. Officer Kadet's criminal defense attorney testified in a deposition in this case that during the criminal prosecution Judge Foxman informed counsel for the parties that he would accept a plea of guilty to a lesser offense on the condition that Officer Kadet end his career as a law enforcement officer. Shortly after Judge Foxman made this statement, defense counsel asked Judge Foxman to recuse himself from the case and he did so.

The defendants in this case now seek to depose Judge Foxman to determine the basis for his opinion that Officer Kadet should end his law enforcement career, asserting that such evidence might be relevant to Officer Kadet's claim that his career has been adversely affected by an article appearing in the Daytona Times. Judge Foxman asserts that he has very little knowledge regarding Officer Kadet or Officer Kadet's reputation, that he already has provided defense counsel with this information, and that any testimony he might give would not be admissible at trial because the prejudicial effect of a judge's testimony in favor of one party would far outweigh its probative value.

The Fifth District Court of Appeal held in *Calderbank v. Cazares*, 435 So.2d 377 (Fla. 5th DCA 1983), that a party may obtain non-privileged information in a deposition which would be inadmissible at trial if the party seeking the information establishes a "reasonably 'calculated' causal connection between the information sought and the possible evidence relevant to the issues in the pending action." The causal connection here is apparent.

There is no privilege which permits a judge to refuse to give testimony and it is now generally recognized that judges are competent to testify in cases over which they are not presiding. *See generally* S. Gard, *Florida Evidence* Rule 19:18 at 240 (1980); K. Hughes, *Florida Evidence Manual* Ch. 7 at 43; *Report of the American Bar Association Special Committee on the Propriety of Judges Appearing as Witnesses*, 36 ABA Journal 630 (1950). *Cf.* Section 90.607, Florida Statutes (1983) (providing that judges may not testify in cases over which they are presiding). Therefore, the defendants may depose Judge Foxman. The question of whether Judge Foxman can testify at trial need not be addressed at this time.

107

## Dr. Graham's Testimony

The plaintiff has alleged in the complaint that the article which is the subject of this action caused him mental anguish. Because of this claim, the defendants subpoenaed Dr. Malcolm Graham, a psychiatrist who the plaintiff consulted both before and after the article was published. Presumably, Dr. Graham could provide testimony regarding the plaintiff's mental condition both before and after the publication of the article and, the defendants argue, Dr. Graham might be able to provide expert testimony regarding the cause of the plaintiff's alleged mental anguish.

The plaintiff refused to allow Dr. Graham to testify, however, claiming that his communications with Dr. Graham are protected by section 90.503, Florida Statutes, the psychotherapist-patient privilege. The plaintiff's reliance on this privilege is misplaced because subsection 90.503(4)(c) provides, "There is no privilege under this section . . . [f]or communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense. . . ."

In addition, section 90.510, Florida Statutes (1983), requires plaintiffs in libel cases to make a choice between maintaining their actions or their testimonial privileges. Plaintiffs may not file a lawsuit and then assert privileges which block the discovery of information which is necessary to the defense. At the hearing, plaintiff's counsel indicated that if the plaintiff were required to make this choice, he would choose to maintain the action.

## Conclusion

Accordingly, it is ordered and adjudged that the defendants' motions to compel are granted. The defendants' alternative motion to dismiss the action is denied as moot. Dr. Graham and Judge Foxman shall submit to depositions in this case at times and places prior to the trial of this case which are convenient to them. The deposition of Judge Foxman is permitted only for the limited purpose of trying to find evidence which is directly related to the issues raised by the pleadings.