FRANK, Judge.
The present interlocutory appeal arises from a factually convoluted setting but one we need not recount in detail to affirm the trial court. It is sufficient for our purpose to relate that NCNB is the trustee of a testamentary estate in which Vissering is a beneficiary. NCNB, following demand from Vissering, refused to distribute his *760 portion of the estate. As the result of a conflict between Yissering and NCNB, Vis-sering’s interest was transferred in trust to the Barnett Bank. The primary objective of the Barnett Bank trust was to shield NCNB from responsibility for the payment of a federal tax claim through the retention of funds sufficient either to meet or to participate in meeting such liability. NCNB contends as a matter of federal tax law that if the resources remaining in the estate it originally held in its entirety are not sufficient to satisfy a federal tax demand, it may be corporately liable for the balance of that obligation should the corpus of the Barnett Bank trust be depleted or for any other reason not available.
On December 4, 1987, the trial court entered an order in the nature of a final judgment directing NCNB to undertake with the Barnett Bank a distribution to Yissering of all assets held in the Barnett Bank trust with the exception of some $520,000 held in Treasury Notes and Bills. Following a timely motion for rehearing, the trial court conducted a non-evidentiary hearing which on December 22 resulted in the December 4 order being modified pursuant to agreement between the parties and the entry of a stay pending review in this court.
NCNB’s notice of appeal brought to us the December 4 order and the order entered on December 22. NCNB furnished this court, in accordance with Rule 9.220 of the Florida Rules of Appellate Procedure, with an appendix composed of a transcript of the non-evidentiary proceedings leading up to the December 22 order and various memoranda of law tendered to the trial court during the pendency of this matter. We have not, however, had the benefit of an appendix disclosing the subsidiary evidence relied upon by the trial court in entering the December 4 order. Accordingly, we are without a basis for determining that the trial court either abused its discretion or committed other error in entering that order. Finally, there is nothing either contained in or underlying the December 22 order which permits us to find error in its rendition. That order did nothing more than grant a stay, which has not been cross-appealed by Vissering, and permitted him, through agreement, to receive a partial distribution of just under $100,000.00 from the Barnett Bank trust.
Based upon the foregoing, this matter is remanded to the trial court for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.