ON MOTION FOR REHEARING
BASKIN, Judge.
We deny the motion for rehearing, but substitute the following for the opinion released September 13, 1988.
Appellant Lewis Fagan, M.D., seeks reversal of a final judgment directing appellant to comply with a Department of Professional Regulation [DPR] subpoena issued pursuant to section 455.223, Florida Statutes (1985), requiring him to produce *803 patient records. See § 455.241(2), Fla.Stat. (1985). We affirm.
Appellant contends that the subpoena is invalid because the DPR did not first make a reasonable cause determination.[1] This contention is without merit. The Application for Patient Record Subpoena substantiated the determination by DPR and the probable cause panel. It provided sufficient reasonable cause for issuing the subpoena. The document showed that the grounds included a peer group review of the doctor’s cases by the Metropolitan Atlanta Foundation for Medical Care, Inc. That group concluded that the patients’ histories and physical examinations did not support the doctor’s pattern of excessive surgery. In addition, the DPR consultant found “many strange, perhaps unbelievable questions and coincidences” concerning his conduct. We therefore find that the record establishes a sufficient basis for the subpoena. See Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982).
Appellant asserts that he was entitled to conduct cross-examination “when testimony is taken or documents are made part of the record.” § 120.58(l)(f), Fla. Stat. (1985). DPR responds that appellant participated in taking a deposition of George Swerdloff, program director of the peer review group. According to the order granting summary judgment, the trial court considered the deposition before approving the subpoena. Appellant, however, has not included the deposition in the record on appeal. Thus, this court is unable to consider the issue. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979); NCNB Nat’l Bank of Florida v. Vissering, 526 So.2d 759 (Fla. 2d DCA 1988) (where appellate court does not have benefit of appendix showing evidence relied on by trial court, appellate court lacks basis to determine error).
Finally, appellant contends that the subpoena is overbroad and violated the patients’ rights to privacy by requiring production of records without patient authorizations. We disagree. First, appellant has not shown that the subpoena for health records of twelve patients is unreasonable or overly burdensome. Nach v. Department of Professional Regulation, Board of Medical Examiners, 528 So.2d 908 (Fla. 2d DCA 1988). Second, section 455.241(2), Florida Statutes (1985), expressly provides for subpoena of patient records without written patient authorization. See Nach. Furthermore, the patient authorization requirement, which was eliminated pursuant to section 455.241(2), effective October 1, 1985, was intended to protect the patient, not the doctor. Thus, appellant does not have standing to assert that records prepared prior to the statute’s effective date require patient authorization. Nach.
AFFIRMED.

. Appellant also argues that the subpoena is invalid because it is not supported by affidavit. Because appellant did not raise this issue in the trial court, thereby failing to preserve the issue for review, we decline to consider it.