604 So.2d 1253 (1992)
TRANSCALL America, INC., d/b/a ATC Long Distance, Inc., Appellant,
v.
Robert A. Butterworth, etc., Appellee.
No. 92-2260.
District Court of Appeal of Florida, First District.
September 2, 1992.
Elliott Messer and Frank S. Shaw III of Messer, Vickers, Caparello, Madsen, Lewis, Goldman & Metz, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William F. Sutton, Jr., and J. Mark Kraus, Asst. Attys. Gen., for appellee.

ON APPELLEE'S MOTION TO DISMISS OR VACATE STAY
PER CURIAM.
Appellee, Attorney General of the State of Florida, moves this court to dismiss this appeal or vacate a stay entered by the trial court. For the reasons that follow, we deny the motion.
The Attorney General served an investigative subpoena upon the registered agent of Transcall America, Inc. (TAI), seeking his appearance and the production of certain documents. The subpoena stated that the information was deemed necessary in *1254 connection with enforcement of the Racketeer Influenced and Corrupt Organization Act and cited to section 895.06, Florida Statutes, as authority for its issuance. When there was no compliance with the subpoena, the Attorney General filed a motion to compel in the Circuit Court for Leon County in accordance with section 895.06(5), Florida Statutes. The motion to compel alleged that TAI had engaged in a pattern of fraud and theft by systematically overbilling customers in 1990 and 1991.
TAI opposed the motion to compel, arguing, among other things, that jurisdiction to remedy any alleged overbilling is with Florida's Public Service Commission. After a hearing, the motion to compel was granted, but the order was stayed during the pendency of the appeal taken by TAI.
Appellee moves for dismissal of the appeal, arguing that the order could be reviewed, if at all, only by writ of certiorari. Corry v. Meggs, 498 So.2d 508 (Fla. 1st DCA 1986); State v. Wellington Precious Metals, 487 So.2d 326 (Fla. 3d DCA 1986).
We find some ambiguity in the case law on the jurisdictional question. While orders of this nature have been reviewed by certiorari, there are also instances of appellate review. Barry v. Garcia, 573 So.2d 932 (Fla. 3d DCA 1991); Fagan v. Department of Professional Regulation, 534 So.2d 802 (Fla. 3d DCA 1988); Calderbank v. Cazares, 435 So.2d 377 (Fla. 5th DCA 1983). The Calderbank court in particular raised the possibility that an order on a motion to compel may be reviewed either by appeal or certiorari. Id. at 378 n. 1. While we agree in part with this conclusion, we find that a conceptual distinction can be made which suggests appeal is the appropriate remedy in this particular case. That is, where the order of the trial court results from a separate and distinct judicial proceeding on the motion to compel, the order meets the well-established test for finality and should be appealable under Florida Rule of Appellate Procedure 9.030(b)(1)(A). An order which compels compliance with a subpoena in an ongoing judicial proceeding, however, is a non-final order and a party seeking relief from such an order would have to petition for a writ of certiorari. As the order in this case satisfies the criterion for a final order as described above, we find it to be appealable and we therefore deny the motion to dismiss.[1]
Appellee also applies to this court to vacate the circuit court's stay of the order during the appeal, arguing that the order protected the records sought from disclosure as public records. The Attorney General also asserts that the delay in production of the records impedes the progress of his investigation. We agree with appellant, however, that appellee has failed to show that the trial judge abused his discretion when he entered a stay to prevent the issue in this case from becoming moot. The subpoena asks TAI to produce records pertaining to the real and personal property it owns or leases in Florida. TAI has suggested to the trial court and this court that appellee seeks this information in connection with the possible initiation of forfeiture proceedings. Appellee has not refuted this suggestion by showing a nexus between the information sought and his investigation of a possible RICO violation, nor is it contended that the alleged unlawful conduct is continuing. Accordingly, and without passing on the merits of appellant's objections to the subpoena, we find the order compelling compliance should remain stayed during the pendency of this appeal.
MOTION DENIED.
JOANOS, C.J., and SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Even if we agreed with appellee that the order is not appealable, we would allow TAI to proceed under a certiorari theory. Fla.R.App.P. 9.040(c).