PER CURIAM.
This cause is before us on appeal from a final order of the Department of Highway Safety & Motor Vehicles (the Department), awarding a license as a franchise Mitsubi *796 shi dealer to Stacy David, Inc., d/b/a Brandon Mitsubishi (Brandon).
On April 5, 1991, Mitsubishi Motor Sales of America, Inc. (MMSA) gave notice by publication in the “Florida Administrative Weekly” of its intention to establish Brandon as a new dealer for the sale and servicing of Mitsubishi vehicles. On May 3, 1991, Superior Imports of Tampa, Inc., d/b/a Courtesy Mitsubishi (Courtesy), an existing licensed Mitsubishi dealer, filed its notice of protest pursuant to sections 320.-642 and 320.699, Florida Statutes. The case was referred to the Division of Administrative Hearings for hearing under section 120.57, Florida Statutes.
On May 17, 1991, Courtesy filed a request for production of documents, seeking all documents which related to MMSA’s decision to grant approval for the proposed dealership and all “open point forecasts” dealing with the expected financial performance of the proposed dealership. MMSA objected to the request for production on the ground, inter alia, that the request was beyond the scope of permitted discovery, in that it was not relevant or reasonably calculated to lead to the discovery of admissible evidence.
On August 1, 1991, Courtesy filed a motion to compel production of the relevant documents. Courtesy argued that financial arrangements between MMSA and the proposed dealer were pertinent to establish the effect the proposed dealer will have on Courtesy. On August 8, 1991, the HO denied the motion to compel.
Thereafter, Courtesy deposed Glen Cumming, Southeast Regional Manager for MMSA, and Randy Bube, Dealer Placement Manager for MMSA. At these depositions, Courtesy sought to elicit information concerning any arrangement between MMSA and Brandon. However, counsel for MMSA objected on the basis that the HO specifically precluded discovery of this information in the ruling on the motion to compel. At Glen Cumming’s deposition, the following colloquy ensued:
Q. [MR. FOREHAND, counsel for Courtesy] What does it mean with reference to site control project as found in the subject heading of this internal correspondence?
MR. BUNCH [Counsel for MMSA]: He is welcomed to testify as to what site control means in the vernacular and the general. However, I’m not going to permit him to testify about anything having to do with whatever assistance or not lack of assistance Mitsubishi is giving in this particular project.
MR. FOREHAND: Okay.... May I ask the basis for your objection?
MR. BUNCH: That was one of the things that you specifically moved to compel in the answers to interrogatories and indeed made that specific argument before the hearing officer and that was one of the things you wanted to find out about and that was one of things he denied in your Motion to Compel.
MR. FOREHAND: ... I would proffer that I will ask him concerning a question whether or not Mitsubishi owns the land at 9909 Adamo Drive in East Tampa.
MR. BUNCH: I object and instruct the witness not to answer that question.
[[Image here]]
MR. FOREHAND: ... And I would ask him if he knows whether or not Mitsubishi Motor Sales of America has entered into any arrangement with Stacy David, Inc. or any person associated with Stacy David, Inc. to set rent at any particular value for the land at 9909 Adamo Drive, East Tampa.
MR. BUNCH: I would object on the same basis and instruct the witness not to answer.[1] [emphasis added]
At final hearing, Courtesy introduced into evidence the deposition testimony of the two MMSA managers and inquired whether the questions proffered at deposition were properly objected to in view of the HO’s decision limiting discovery. The HO confirmed that counsel’s objection had been proper.
On December 18, 1991, the HO entered a recommended order approving the application of Brandon to establish a new Mitsubi *797 shi dealership. The recommended final order states in pertinent part:
Prior to the hearing, a dispute arose during discovery regarding Courtesy’s rights to inquire in the qualifications of the proposed operator of the new dealership. Further, Courtesy sought to discover information concerning the financial arrangements between MMSA and Brandon Mitsubishi. The undersigned ruled that neither of these subjects were covered under Section 320.642, Florida Statutes, and accordingly, were not subject to discovery and were not admissible at the final hearing.
The Department adopted the recommended order and granted a license to Brandon.
Section 320.642, Florida Statutes, lists types of evidence relevant to determining the adequacy of representation in the community or territory, and states in pertinent part:
(b) In determining whether the existing franchised motor vehicle dealer or dealers are providing adequate representation in the community or territory for the line — make, the department may consider evidence which may include, but is not limited to:
1. The impact of the establishment of the proposed or relocated dealer on the consumers, public interest, existing dealers, and the licensee; provided, however, that financial impact may only be considered with respect to the protesting dealer or dealers.
[[Image here]]
10. Whether the establishment or relocation of the proposed dealership appears to be warranted and justified based on economic and marketing conditions pertinent to dealers competing in the community or territory, including anticipated future changes, [emphasis added]
In the instant case, Courtesy is attempting to prove that the Brandon dealership is a “site control dealership”[2] or is receiving special incentives not given to existing dealers. In this regard, a MMSA internal memo of record states that “Southeast Region recommends this proposal [Brandon Mitsubishi] be approved and that MMSA continue with the current site control project.” If the Brandon dealership is receiving special incentives from MMSA, then it will be in a better financial position to compete against Courtesy, unfairly impacting on Courtesy, the existing dealer.[3] Florida law prohibits certain manufacturer/ dealer arrangements, and evidence tending to establish these arrangements is relevant in licensing proceedings under chapter 320, Florida Statutes.
The HO appears to have precluded discovery of this information because the evidence was “not admissible at the final hearing.” However, a party is permitted to discover those matters relevant to the subject matter of the litigation even though such evidence may be inadmissible at trial. Southern Mill Creek Products Co. v. Delta Chemical Co., 203 So.2d 53 (Fla. 3d DCA 1967). Fairness requires that the agency allow discovery of these financial arrangements under the facts here.[4]
*798 Accordingly, the final order below is reversed and the cause remanded for proceedings consistent herewith.
BOOTH, SMITH and MINER, JJ., concur.

. Similar objections were raised at the deposition of Randy Bube.

. Apparently, a site control dealership receives special arrangements from the manufacturer, including, for example, favorable rent on leased premises.

. Special arrangements between MMSA and Brandon would presumably violate section 320.-645, Florida Statutes, which states in pertinent part:
(1) No ... manufacturer ... shall own or operate, either directly or indirectly, a motor vehicle dealership in this state for the sale or service of motor vehicles which have been or are offered for sale under a franchise agreement with a motor vehicle dealer in this state.
Additionally, a practice of favoring one dealership over another through special arrangements with the manufacturer would violate § 320.605, Fla.Stat., which states in pertinent part:
It is the intent of the Legislature to protect the public health, safety, and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair trade....

.Section 120.58(l)(b), Florida Statutes, provides that a HO has the power to effect discovery by any means available to courts in the manner provided by the Florida Rules of Civil Procedure. Florida Rule of Civil Procedure 1.280(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending litigation.