BARKDULL, Senior Judge.
Dolly Martinez was killed while riding as a passenger in a rental car owned by Hertz. The driver of the vehicle, Omar Martinez, was Dolly’s son from a previous marriage and was also killed in the accident. Jacqueline, as personal representative of her mother’s estate, brought a wrongful death action.
During voir dire, prospective juror Stone-man stated that he did not think a company that rented out a car should be responsible for a driver who injures another person. Later, during individual voir dire, Stoneman was asked whether he could be fair to the plaintiffs in this case and he responded “I really don’t think I could.” The plaintiffs moved to strike four jurors, including Stone-man. The judge struck two jurors, but denied the motion as to Stoneman and another juror. The plaintiffs used a peremptory to strike Stoneman and then requested an additional peremptory which the trial judge denied. The jury returned a verdict finding Omar Martinez 27% negligent.
This appeal ensued. The appellant, among other issues, contends that the trial judge erred in denying the challenge for cause of prospective juror Stoneman. We disagree.
A trial judge’s ruling on excusing a prospective juror for cause is only error if it constitutes an abuse of discretion after consideration of the entirety of the voir dire of the prospective juror, See Mills v. State, 462 So.2d 1075 (Fla.1985).
The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict based solely on evidence presented and the law as instructed by court. See Singer v. State, 109 So.2d 7 (Fla.1959). The trial judge decides whether a challenge for cause is proper and the appellate court must give deference to the trial judge’s determination of a prospective juror’s qualifications. See Castro v. State, 644 So.2d 987 (Fla.1994). The trial court’s determination of juror competency will not be disturbed absent manifest error. See Mills, 462 So.2d at 1079.
Appellant relies on the fact that during individual voir dire, Juror Stoneman indicated he “really [didn’t] think [he] could” be fair to the plaintiffs. Soon thereafter, however, Stoneman clarified his statement. Stoneman offered the example that if one side claimed six million dollars to be a fair award and the other side claimed six dollars to be a fair award, he would probably be somewhere in the middle of the two figures. When asked whether he would be able to award a financial recovery if entitlement to damages was proven to his satisfaction, Stoneman replied in the' affirmative. Stone-man also stated that he would follow the law relayed to him by the judge. Further, Stoneman stated that he had no set limits in mind above which he would not award recovery.
While juror Stoneman’s statement regarding fairness to the plaintiff may have tempo *1214 rarily raised question as to his impartiality, Stoneman was sufficiently rehabilitated by his subsequent testimony. Stoneman’s responses to questions posed by counsel indicated his ability to fulfill his duties as a juror. The complete exchange between the trial court, juror Stoneman, and counsel reveals that the trial court did not abuse its discretion in denying the challenge for cause.
We find no error in the other issues urged for reversal. See § 59.041, Fla.Stat. (1995); Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985); Huss v. Sanabria, 672 So.2d 903 (Fla. 3d DCA 1996); Fagan v. Department of Prof'l Regulation, 534 So.2d 802 (Fla. 3d DCA 1988); Honda Motor Co., Ltd. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1975).
Affirmed.