KLEIN, J.
Petitioner Community Healthcare Cen-terone, Inc. (CHC) is a medical clinic in Fort Lauderdale which provides medical treatment to patients suffering from HIV and AIDS. Commcare Pharmacy, Inc. (Commcare) is a pharmacy which fills prescriptions primarily for patients being treated for HIV or AIDS and related conditions. In August 2002, the Office of Statewide Prosecutor executed search warrants charging criminal Medicaid fraud and seized the medical and pharmaceutical records of 134 patients from CHC and Commcare.
CHC, Commcare, and thirty-two patients appeal an order following a privacy hearing in which the court found that the state had demonstrated a compelling need, which outweighed the privacy interests of the patients, to review the records. CHC and Commcare also appeal an order denying a motion to quash a subpoena duces tecum. Both orders are reviewable as final orders. Transcall Am., Inc. v. Butterworth, 604 So.2d 1253 (Fla. 1st DCA 1992) and cases cited.
The appellants raise a number of issues which we need not address, because we conclude that neither a hearing nor a court order was necessary in order for the prosecutor to obtain access to these records.
The hearing was conducted under our HIV testing statute, section 381.004(3)(e), Florida Statutes (2002), which provides that, before anyone is allowed access to HIV test results, a court must find a compelling need after notice and an opportunity to be heard by the person tested. An “HIV test result” is defined very narrowly as a laboratory report or notation of such in a medical record. § 381.004(2)(b). The statute, if applicable, would cover few, if any, of these records. If a patient tells a health care provider the result of the test, it is not protected by the statute. Id.
Medicaid fraud, which was the subject of this criminal investigation, is addressed in Chapter 409, Florida Statutes. There are no provisions in Chapter 409 requiring a hearing before the state can review these medical records. The only authority cited *324 for reading the requirement of our HIV testing statute into a Medicaid fraud investigation is Butterworth v. “X Hospital”, 763 So.2d 467 (Fla. 4th DCA 2000). That decision, we conclude, has been superseded by statutory changes.
“X Hospital” involved a Medicaid fraud investigative subpoena for patients’ records of a hospital providing mental health services. The issue was whether the attorney general could obtain mental health treatment records without a court order. Another statute, section 394.4615(2)(c), provided for release of mental health records only if a court found that the need for the records outweighed the possible harm of disclosure to the patient. We held that section 394.4615(2)(c) did apply to a Medicaid fraud investigation.
The 2000 legislature, however, made a number of statutory changes, providing specific provisions for accessing Medicaid patients’ records in order to investigate fraud. These changes became effective around the same time that this court issued its opinion in ‘X Hospital"; however, “X Hospital” was based on statutes in their 1997 form.
Chapter 2000-163, § 6, at 953, Laws of Florida, added the phrase “including medical records relating to Medicaid recipients” to section 409.920(8)(b). As a result, the statute addressed in its prior form in ‘X Hospital” now reads as follows:
(8) In carrying out the duties and responsibilities under this section, the Attorney General may:
(b) Subpoena witnesses or materials, including medical records relating to Medicaid recipients, within or outside the state ... and, through any duly designated employee, administer oaths and affirmations and collect evidence for possible use in either civil or criminal judicial proceedings, (emphasis supplied.)
Chapter 2000-163, § 1, at 952, Laws of Florida, added subsection (6) to section 394.4615, so that it now includes:
(6) Clinical records relating to a Medicaid recipient shall be furnished to the Medicaid Fraud Control Unit in the Department of Legal Affairs, upon request.
Chapter 2000-163, § 2, at 952, Laws of Florida, added subsection (4)(k) to section 395.3025, which we construed in ‘X Hospital”. It now reads:
(4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
[[Image here]]
(k) The Medicaid Fraud Control Unit in the Department of Legal Affairs pursuant to s. 409.920.
Section 409.907(3)(e), entitled “Medicaid provider agreements,” requires Medicaid providers to permit the federal and state government and their agents to have access to all Medicaid related information including patient records. This provision did exist when we decided ‘X Hospital”, but it was not addressed.
There are no provisions in Chapter 409 requiring that a court order is necessary for the government to obtain access to a Medicaid recipient’s records in order to investigate Medicaid fraud. In light of the 2000 statutory changes, we conclude that a hearing is not required before a prosecutor can review these records for purposes of investigating Medicaid fraud. X Hospital has been superseded by the 2000 amendments.[1]
*325 Although it is unnecessary to our conclusion, we would add that we can discern no purpose to be served by requiring a court to hear from every patient before allowing these records to be reviewed in a Medicaid fraud investigation. It is well established that a criminal investigation is a compelling need to invade the right to privacy. Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985). Nor would the patients need a court order to protect the confidentiality of records obtained by the state, because the state is required to prevent their use for any reason beyond the “specific investigation for fraud,” unless the patient consents. § 409.920(7)(f).
The only other issue we find it necessary to address is appellants’ argument that the Office of Statewide Prosecutor does not have jurisdiction to investigate. They rely on Article IV, section 4(b) of the Florida Constitution and section 16.56(l)(a), Florida Statutes, which give the statewide prosecutor power, generally speaking, only when more than one judicial circuit is involved in the crime. Appellants argue that they operate only in Broward County.
Section 409.920(7), Florida Statutes (2002), entitled “Medicaid provider fraud,” authorizes the attorney general to investigate Medicaid fraud and to refer violations to the statewide prosecutor. Although appellants may be correct in their assertion that the statewide prosecutor will only have the power to prosecute if more than one judicial circuit is involved, they have cited no authority which would support an inquiry into the prosecutor’s power at the investigative stage. Permitting such an inquiry could compromise the effectiveness of the investigation.
The subpoena, we note, seeks information as to transactions between appellants and other entities, which are not necessarily located in the same county as the appellants. And, as appellants acknowledge, they seek reimbursement in Leon County. Because there is no way to know, until the investigation is concluded and charges are filed, who will be prosecuted, or if crimes are alleged to have occurred in two or more judicial circuits, we affirm this issue without prejudice to appellants raising it if charges ensue.
We therefore affirm as to all issues raised by appellants but, in light of our conclusion that no hearing was necessary, remand for further proceedings consistent with this opinion.
WARNER, and SHAHOOD, JJ., concur.

. The State has cited section 409.902, Florida Statutes, which provides:
*325 As a condition of Medicaid eligibility, subject to federal approval, the Agency for Health Care Administration and the Department of Children and Family Services shall ensure that each recipient of Medicaid consents to the release of her or his medical records to the Agency for Health Care Administration and the Medicaid Fraud Control Unjt of the Department of Legal Affairs.
We have not relied on this provision because it did not become effective until January 2003, Ch.2002-400, § 15, Laws of Florida.