IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL GAY,

       Petitioner,

 v.

MALEANA GAY, F/K/A MALEANA MANN,
and TIMOTHY MANN,

       Respondents.

Case No. 5D23-68
LT Case No. 2007-DR-965

_____/

Opinion filed July 28, 2023

Petition for Certiorari Review of Order from the
Circuit Court for Nassau County,
Lester Bass, Judge.

William Graessle, of William S. Graessle, P.A.,
Jacksonville, for Petitioner.

Corrine A. Bylund, of Bylund Law, PLLC,
Jacksonville Beach, for Respondent Timothy Mann.

No Appearance for Other Respondent.

PER CURIAM.

     At issue in this marital dissolution matter is a motion for protective order

sought by a non-party, Michael Gay, who is married to Maleana Gay, the

former wife in this case. Her former husband, Timothy Mann, sought to depose Mr. Gay regarding the latter's personal financial situation and the support he provided to the former wife. The trial court denied Mr. Gay's motion for protective order and Mr. Gay sought a writ of certiorari in the First District Court of Appeal. On January 1, 2023, the case was administratively transferred to this Court for disposition due to the realignment of the district courts of appeal.

Certiorari review of the order denying the protective order is threefold: we must determine whether (1) the trial court departed from the essential requirements of the law, (2) the petitioner will suffer a material injury, and (3) there is no other adequate remedy. *See Hepco Data, LLC v. Hepco Med., LLC*, 301 So. 3d 406, 409–10 (Fla. 2d DCA 2020). The last two requirements "are often combined into the concept of 'irreparable harm,'" which must be found before an appellate court "may even consider whether there has been a departure from the essential requirements of the law." *Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014).

Under the circumstances of this case, Mr. Gay has met the requirements for relief. He has shown that he will suffer a material injury and that no other adequate remedy will undo the intrusion into his private financial affairs. *See Rowe v. Rodriguez-Schmidt*, 89 So. 3d 1101, 1103 (Fla. 2d DCA

2012) ("An order compelling the production of documents by a nonparty is reviewable by certiorari because he or she has no adequate remedy by appeal."). He has also established a departure from the essential requirements of law because the information sought is constitutionally protected. *See Mogul v. Mogul*, 730 So. 2d 1287, 1290 (Fla. 5th DCA 1999) ("The financial information of private persons is entitled to protection by this state's constitutional right of privacy, if there is no relevant or compelling reason to compel disclosure." (footnote omitted)); *see also Condon v. Condon*, 295 So. 2d 681, 683 (Fla. 1st DCA 1974) (holding that the discovery of a "new spouse's financial circumstances where there is no record showing that the child's parent cannot respond to the child's needs out of her or his own funds would foster undue harassment and disturbance of the new family unit and would constitute an unseemly invasion of the new spouse's privacy").

We note that although Mr. Gay chose to file a petition for certiorari in this Court seeking review of the discovery order, the "better view is that such an order is reviewable by appeal, provided that it fully settles the rights and duties of the nonparty as to the discovery issue before the court." Philip J. Padovano, 2 *Fla. Prac.*, Appellate Practice § 30:5 (2023 ed.) (noting that parties must seek certiorari review of a discovery order because the

3

"litigation will continue between them and they will have an opportunity to seek review of the disputed order . . . by appealing the final judgment[,]" but the "same is not true of a nonparty who has been directed to provide discovery" because the "litigation will come to an end with the issuance of the discovery order in question"). Additionally, "[a]n order requiring a nonparty to provide discovery is a final order" because it "adjudicates the only matter in controversy as between the party seeking discovery and the nonparty ordered to provide it." *Id.* This Court has recognized both means of review as permissible. *See Calderbank v. Cazares*, 435 So. 2d 377, 378 n.1 (Fla. 5th DCA 1983) (noting that appellate review is available but that "this court could also have treated this appeal as a petition for certiorari").

Accordingly, we grant the petition for writ of certiorari and quash the order denying Mr. Gay's motion for protective order. We have chosen not to treat the petition as an appeal as we are confident that the trial court will not permit the discovery sought in light of this disposition.

MAKAR, WALLIS and SOUD, JJ., concur.

4